UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO WENTZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:19-cv-01531 AC<br><br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for an immediate award of benefits.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986).

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on January 9, 2017. Administrative Record ("AR") 157-61.[2] The disability onset date was alleged to be September 1, 2016. Id. The application was disapproved initially and on reconsideration. AR 54-82. On February 15, 2019, ALJ Michael A. Cabotaje presided over the hearing on plaintiff's challenge to the disapprovals. AR 30 – 53 (transcript). Plaintiff, who appeared with her representative Natalie Kiev, was present at the hearing. AR 31. Sky Mercer, a Vocational Expert ("VE"), also testified at the hearing. Id.

On March 14, 2019, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. § 416(i), 423(d). AR 14-25 (decision), 26-29 (exhibit list). On June 24, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on August 9, 2019. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 11 (plaintiff's summary judgment motion), 15 (Commissioner's cross-summary judgment motion), 16 (plaintiff's opposition).

II. FACTUAL BACKGROUND

Plaintiff was born in 1963, and accordingly was an individual closely approaching advanced age under the regulations, when the disability application was filed.[3] AR 23, 157. In November of 2018 plaintiff changed age category to an individual of advanced age. Id. Plaintiff has at least a high school education, and can communicate in English. AR 23.

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF Nos. 9-3 to 9-13 (AR 1 to AR 402).
[3] See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

2

1    Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews
2    v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

3    Substantial evidence is "more than a mere scintilla," but "may be less than a
4    preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such
5    evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.
6    Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the
7    record can constitute substantial evidence, only those 'reasonably drawn from the record' will
8    suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).
9    Although this court cannot substitute its discretion for that of the Commissioner, the court
10   nonetheless must review the record as a whole, "weighing both the evidence that supports and the
11   evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health &
12   Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th
13   Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from
14   the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting
15   evidence.").

16   "The ALJ is responsible for determining credibility, resolving conflicts in medical
17   testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.
18   2001), as amended on reh'g (Aug. 9, 2001). "Where the evidence is susceptible to more than one
19   rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be
20   upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review
21   only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon
22   which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart,
23   340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's
24   credibility decision based on evidence that the ALJ did not discuss").

25   The court will not reverse the Commissioner's decision if it is based on harmless error,
26   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the
27   ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.
28   2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see

also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or

4

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146, n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5. M1cahLucy2245&

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Since the alleged onset date of disability, September 1, 2016, the claimant has had the following severe impairments: degenerative disc disease, osteoarthritis, sleep apnea, obesity, depression, and anxiety (20 CFR 404.1520(c)).
>
> 4. [Step 3] Since September 1, 2016, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that since September 1, 2016, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; frequently balance; occasionally stoop and kneel; frequently crouch; and occasionally crawl.  She can perform simple routine repetitive tasks; have occasional contact with supervisors, coworkers, and the general public; and maintain attention and concentration for two-hour periods with normal breaks.
>
> 6. [Step 4] Since September 1, 2016, the claimant has been unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] Prior to the established disability onset date, the claimant was an individual closely approaching advanced age.  On November 30, 2018, the claimant's age category changed to an individual of advanced age (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. [Step 5, continued] Prior to November 30, 2018, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the

claimant has transferable job skills. Beginning on November 30, 2018, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Prior to November 30, 2018, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1569 and 404.1569a).

11. Beginning on November 30, 2018, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).

12. The claimant was not disabled prior to November 30, 2018, but became disabled on that date and has continued to be disabled through the date of this decision. Her disability is expected to last twelve months past the onset date (20 CFR 404.1520(g)).

AR 16-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act from the alleged onset date until November 30, 2018. AR 24.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by reaching the improper determination that that plaintiff can do light work rather than either sedentary or less than sedentary exertional work and finding plaintiff disabled beginning on November 30, 2018 rather than September 1, 2016, as alleged. ECF No. 11 at 15. Plaintiff asserts that the ALJ's wrongful rejection of the Medical Source Statement from treating physician Jayesh Patel, M.D, led to the ALJ's improper determination. Id., AR 347-350. Because the undersigned finds that the ALJ did err by failing to properly credit plaintiff's treating physician Dr. Patel, and that this error requires remand for an immediate award of benefits, only that issue is addressed here.

A. The Medical Evidence

Relevant to plaintiff's physical impairments, the ALJ considered the medical opinions of (1) treating physician Dr. Patel, and (2) State Agency evaluating physicians A. Dipsia, M.D. (AR 59, 61-63) and Sharon Amon, M.D. (AR 71-73, 75-76). AR 21-23.

////

        a.    The Treatment and Opinion of Dr. Patel

Jayesh Patel, M.D, a board-certified internist, treated plaintiff at the Intercommunity Medical Group from October 2014 through February 2019 for chronic, severe back, neck, bilateral knee, bilateral foot and bilateral shoulder pain. AR 256-335; 351-399. Dr. Patel ordered diagnostic testing, including an MRI of the lumbar spine that showed degenerative changes to the L4-L5 and L5-S1 discs with minimal lumbar levoscoliosis of the spine. AR 335. An MRI of the left knee performed showed possible degeneration of the ACL and irregular thickening of the PCL that could represent a chronic tear. AR249-249. X-rays of the left shoulder found mild degeneration in the left acromioclavicular joint with joint space narrowing and small osteophytes. AR 318 (page number obscured).

Physical examinations by Dr. Patel over the period from the alleged onset date of September 2016 to the hearing in February 2019 demonstrated tenderness and decreased range of motion over the right shoulder; tenderness in both the cervical and lumbar spines with decreased range of motion and muscle spasms; tenderness to palpitation over both knees with decreased range of motion and crepitus, and tenderness in both heels. AR 294, 299, 304, 307, 315, 354, 359, 364, 369, 374, 379, 386, 391, 397. Plaintiff's treatment has considered of several narcotic medications including Baclofen, MS Contin, and Percocet. AR 297-298, 302-303, 307-308, 313-314, 357, 366, 367-368, 372-373, 377-378, 384-385, 389-390.

Dr. Patel provided a medical source statement dated February 14, 2019. AR 21, 347-49. The statement opined that plaintiff was likely to miss work three or more days per month due to her conditions, and that she would be unable to work full days in even sedentary positions. AR 348. Dr. Patel stated that plaintiff could sit no more than two hours in an eight-hour day, and that she could stand/walk no more than two hours in an eight-hour day. Id. The ALJ rejected the opinion, stating, "I give this opinion little weight because it is overly restrictive and inconsistent with the evidence of record. While the records documented complaints of pain, there was no evidence of neurological deficits and the treatment received by the claimant was conservative in nature." AR 21.

////

b.  Non-Examining Source Opinions

Agency consultant A. Dipsia, M.D., in a record dated March 30, 2017, limited plaintiff to a light RFC.  ECF No. 59.  Dr. Dipsia opined plaintiff could stand/walk and sit for 6 hours in an eight-hour day.  AR 62.  Dr. Dipsia found plaintiff could frequently balance, and could climb ramps, stars, ropes, and scaffolds occasionally, and could occasionally kneel, stoop, crouch, and craw.  Id.

Agency consultant S. Amon, M.D., in a record dated June 12, 2017, assessed plaintiff for depression, anxiety, back, feet, and neck pain, poor memory, arthritis, planter fasciitis, and an infection throughout body.  AR 72.  Dr. Amon limited plaintiff to standing/walking and sitting 6 hours in an eight-hour day, with the ability to carry 10 mounds frequently and 20 pounds occasionally.  AR 75.  Dr. Amon found plaintiff could balance and crouch frequently, and stoop, kneel, and crawl occasionally.  Id.

Without identifying either agency physician by name, the ALJ gave great weight to the latter agency opinion, and less weight to the earlier one, because the second reviewer "was able to review additional medical evidence that was not reviewed by the physician on initial review."  AR 22.  The ALJ found the later opinion was "consistent with the evidence of record, which documented conservative treatment for complaints of pain without any evidence of neurological deficits."  Id.

B.  Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.[4]  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

> Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and

---

[4] There have been recent updates to the rules on medical sources; this section of the code applies to claims filed before March 27, 2017. See 20 C.F.R. § 404.1527.  Plaintiff's claims were filed prior to 2017, and are therefore not impacted by the changes.

8

        legitimate reasons that are supported by substantial evidence in the record.

Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

      However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298–99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

  C. <u>The ALJ Erred in Assigning Little Weight to Dr. Patel's Opinion</u>

      The ALJ accorded little weight to Dr. Patel's opinion, stating that only that it was "overly restrictive and inconsistent with the evidence of record. While the records documented complaints of pain, there was no evidence of neurological deficits and the treatment received by the claimant was conservative in nature." AR 21. No further explanation was given.

      The ALJ erred in multiple respects. First, the ALJ failed to identify any specific and legitimate reasons for not fully crediting Dr. Patel. "A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." Reddick, 157 F.3d at 725. The ALJ's conclusory statement that Dr. Patel's assessment is "overly restrictive and inconsistent with the evidence of record" is insufficient, particularly where Dr. Patel had a long-term treatment relationship with the plaintiff and the record consists of extensive notes along with medical imaging upon which he relied. Indeed, much of the relatively short administrative record in this case is comprised of Dr. Patel's notes.

      It is true of course that an ALJ is not required to accept a conclusory physician opinion that is unsupported by clinical findings. Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).

1   However, the undersigned does not find that Dr. Patel's opinion was "brief and conclusory." The
2   opinion itself provides multiple clinical findings, discussed above, and specifies that MRIs of the
3   spine and X-rays of both shoulders support the diagnosis and limitations. AR 347. The opinion
4   is further supported in the record by Dr. Patel's extensive visit notes. The ALJ does not explain
5   how or why the medical record is too limited or treatment too conservative to support Dr. Patel's
6   limitations, instead making the conclusory assertion that the limitations are "overly restrictive."
7   AR 21.

8       Second, the ALJ's reference to plaintiff's lack of neurological deficits as part of the
9   rationale to discredit Dr. Patel is puzzling. Dr. Patel's restrictions are not obviously based on
10  neurological deficits; while depression and anxiety are listed amongst the diagnoses, also listed
11  are lumbar spine radiculopathy pain, cervical spine pain, and bilateral shoulder pain. AR 347.
12  The exertional limitations prescribed appear related to the pain ailments, as it is unclear how
13  "neurological deficits" would impact plaintiffs' ability to sit, stand, and walk. AR 348.

14      Finally, the ALJ's reference to conservative treatment is conclusory and unsupported.
15  The treatment of plaintiff's pain has included the use of many narcotic medications, as discussed
16  above. AR 297-298, 302-303, 307-308, 313-314, 357, 366, 367-368, 372-373, 377-378, 384-385,
17  389-390. The Ninth Circuit has, without deciding, cast doubt on the proposition that "copious
18  amounts of narcotic pain medication" can constitute "conservative treatment." See Lapeirre-Gutt
19  v. Astrue, 382 F. App'x 662, 664 (9th Cir. 2010); compare Carmickle v. Comm'r, 533 F.3d 1155,
20  1162 (9th Cir. 2008) (ALJ found claimant's treatment to be conservative where claimant took
21  only Ibuprofen to treat his pain). Further, the Lapeirre–Gutt court held that "[a] claimant cannot
22  be discredited for failing to pursue non-conservative treatment options where none exist." 533
23  F.3d at 1162. While defendant points out that plaintiff failed to follow up on referrals to a
24  podiatrist and an orthopedist, and delayed in following up with physical therapy and a
25  pulmonologist, neither the ALJ's opinion nor the defendant's briefing identifies some particular,
26  more aggressive treatment that would have been effective in relieving plaintiff's pain. ECF No.
27  15 at 6. Nor do either of them conclude that the treatment provided did effectively relieve
28  plaintiff's pain to the point where Dr. Patel's limitations were unwarranted. Thus, the ALJ's

10

1  conclusory statement that plaintiff was treated conservatively does not constitute a specific and
2  legitimate reason for rejecting Dr. Patel's opinion.

3  For all these reasons, the ALJ erred in rejecting Dr. Patel's opinion.

4  D. <u>Crediting Dr. Patel's Opinion Necessitates Remand for an Award of Benefits</u>

5  Because the ALJ erred in rejecting Dr. Patel's opinion, and that error was not harmless,
6  the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or
7  without remanding the cause for a rehearing.'" <u>Treichler v. Comm'r of Soc. Sec. Admin.</u>, 775
8  F.3d 1090, 1099 (9th Cir. 2014).  "[W]here the record has been developed fully and further
9  administrative proceedings would serve no useful purpose, the district court should remand for an
10 immediate award of benefits."  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).

11 More specifically, the district court should credit evidence that was rejected during the
12 administrative process and remand for an immediate award of benefits if (1) the ALJ failed to
13 provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues
14 that must be resolved before a determination of disability can be made; and (3) it is clear from the
15 record that the ALJ would be required to find the claimant disabled were such evidence credited.
16 <u>Benecke</u>, 379 F.3d at 593 (citing <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000)).

17 Under the second step in the remand analysis, the court must "review the record as a
18 whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all
19 essential factual issues have been resolved." <u>Dominguez v. Colvin</u>, 808 F.3d 403, 407 (9th Cir.
20 2015), <u>as amended</u> (Feb. 5, 2016) (quoting <u>Treichler</u>, 775 F.3d at 1101).  Under the third step in
21 this analysis, the court should remand for further proceedings "when the record as a whole creates
22 serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social
23 Security Act." <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks
24 omitted).

25 In this case, if Dr. Patel's opinions were credited as true, plaintiff would necessarily be
26 found disabled under the applicable regulations.  Dr. Patel opined that in an 8-hour workday,
27 plaintiff could sit for two hours total, stand/walk for 2 hours total, and must lay down or take
28 breaks for 2-4 hours during a workday.  AR 348.  She could lift/carry 10 pounds frequently and

11

1    up to 20 pounds never.  AR 349.  Dr. Patel estimated plaintiff would be absent from work more

2    than three times a month as a result of her impairments or treatment.  AR 348.

3        It is clear from the record that if Dr. Patel's opinion is properly credited, plaintiff must

4    necessarily be found disabled.  Indeed, the ALJ so concluded, noting that the assessed limitations

5    "would prevent the claimant from engaging in substantial gainful activity."  AR 21.  In response

6    to a hypothetical question, the VE testified that "[e]mployers will not tolerate three or more

7    absences per month on an ongoing basis."  AR 49.  Because the VE and the ALJ found that no

8    jobs were available for plaintiff when Dr. Patel's opinion was credited, plaintiff is disabled under

9    the Act.

10       Where the above steps are satisfied, this court must exercise its discretion in determining

11   whether to remand for further proceedings, or for the immediate calculation and award of

12   benefits.  Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if

13   discredited evidence were credited as true, "the district court may exercise its discretion to

14   remand the case for an award of benefits").  If, despite satisfying the above steps, the "record as a

15   whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of

16   the Social Security Act," the court should remand for further proceedings.  Burrell, 775 F.3d at

17   1141 (quoting Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014)).  However, the court

18   would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true

19   rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact,

20   disabled."  Garrison, 759 F.3d at 1021.

21       Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the

22   Act. The VE (and the ALJ himself) made clear findings that work is precluded if Dr. Patel's

23   limitations are credited.  AR 52-53.  Nothing in the record contradicts Dr. Patel's findings; in fact,

24   the overall record supports them.  Accordingly, the court finds that plaintiff is disabled within the

25   meaning of the Act and no further fact finding is necessary.

26                                   VII.  CONCLUSION

27       For the reasons set forth above, IT IS HEREBY ORDERED that:

28       1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for an immediate award of benefits from the alleged onset date; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: July 21, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE